IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARCO A.A.T., <br><br> Petitioner, <br><br> vs. <br><br> CALIFORNIA CITY CORRECTIONAL CENTER, <br><br> Respondent. | Civil No. 1:26-cv-03194-MWJS <br> ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS IN PART <br><br> A# 221-370-642 |

## ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS IN PART

Petitioner Marco A.A.T.[1] is an immigration detainee proceeding with a first amended petition for writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 15.  He entered the country without inspection in approximately October 2022.  *Id.* at pg. 15.

Following an arrest by the Las Vegas Metropolitan Police Department in March 2026, Petitioner was transferred to the custody of U.S. Immigration and Customs Enforcement.  *See* Dkt. No. 12-1, at pg. 2.  ICE then commenced removal proceedings against Petitioner pursuant to 8 U.S.C. § 1229a.  *See* Dkt. No. 12-3, at pg. 1.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that because he is not subject to mandatory detention under 8 U.S.C. § 1225(b), he is entitled to a bond hearing under 8 U.S.C. § 1226(a).[2]  Dkt. No. 15, at pg. 16. Petitioner seeks an order granting either his immediate release or a "prompt custody redetermination under § 1226(a) before an Immigration Judge[.]"  *Id.* at pg. 18.  This court and many others have granted relief in cases analogous to this one.  *See, e.g.,* *Anderson O.H.G. v. Johnson*, No. 1:26-cv-03248-MWJS, 2026 WL 1330831 (E.D. Cal. May 12, 2026); *Margartio G.A. v. Blanche*, No. 1:26-cv-03928-MWJS, 2026 WL 1508364 (E.D. Cal. May 29, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondent to identify "any factual or legal issues in this case that render it distinguishable from prior cases such as the ones listed above."  Dkt. No. 14.  The court appreciates Respondent's timely and candid response.  Dkt. No. 16.  Although Respondent maintains that Petitioner's

---

[2] Petitioner also argues that detaining him without a bond hearing violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. Dkt. No. 15, at pgs. 14–17.  Given the relief granted by the court, these additional claims are DENIED without prejudice.

detention is lawful, Respondent acknowledges that "the facts and legal issues are not substantively distinguishable from" the cases identified in the court's order.  *Id.* at pg. 1.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that the first amended petition for writ of habeas corpus, Dkt. No. 15, is GRANTED in part, to the extent Petitioner contends in the Second Cause of Action that he is entitled to a bond hearing.  Respondent is ENJOINED AND RESTRAINED from continuing to detain Petitioner unless he demonstrates, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondent shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.  If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

//

//

//

//

//

//

3

The Clerk of Court is directed to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  June 15, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03194-MWJS; *Marco A.A.T. v. California City Correctional Center*;
ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS
IN PART